UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                     :

MIKE HENRIQUEZ,                               :

                       :

               Petitioner,         :

                       :            26-CV-721 (JMF)

      -v-                   :

                       :           ORDER OF DISMISSAL

BRONX COUNTY DISTRICT ATTORNEYS OFFICE,  :

                       :

             Respondent.      :

                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner, who currently is incarcerated at Cayuga Correctional Facility, brings this action *pro se* and files a pleading that he styles as a "Petition for Relief Pursuant to the All Writs Act of 28 U.S.C. § 1651(a) & (b)."  In that pleading, Petitioner alleges that Respondent "Bronx County District Attorneys Office" violated his rights — and is continuing to violate his rights — secured by the Fourteenth Amendment, *see Brady v. Marylsand*, 373 U.S. 83 (1963), in obtaining convictions for murder and other crimes in Supreme Court of the State of New York, Bronx County, in March 1996.  By order dated February 26, 2026, the court granted Petitioner's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons that follow, the Court dismisses this action for failure to state a claim.

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the petition.[2] In March 1996, following a jury trial in New York State Supreme Court, Bronx County, Petitioner was convicted of murder in the second degree, criminal possession of a weapon in the second degree, and endangering the

---

[2]    The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

welfare of a child.  ECF No. 1, at 5, 8-9.  Petitioner contends that he is innocent of those crimes and that Respondent Bronx County District Attorney's Office violated his Fourteenth Amendment rights by refusing to disclose exculpatory material to him during *or after* the prosecution.  *Id*.  He also alleges that the District Attorney failed to carry its burden at trial of proving that the body of the victim was positively identified.  *Id*. at 9.

Petitioner contends that he has attempted to challenge his conviction in state court, including in state-court collateral proceedings under New York Criminal Procedure Law 440.10, but has been unsuccessful.  *Id*. at 5-6.  He further alleges that a state court "has enjoined [him] from demonstrating his absolute innocence, by instituting what amounts to a 'writ of prohibition' (a writ to prevent the filing of a lawsuit)."[3]  *Id*.

Petitioner demands relief in the form of an order directing the District Attorney to disclose all exculpatory evidence, including the county medical examiner's autopsy report, "so that petitioner may finally demonstrate" that he is innocent.[4]  *Id*. at 16; *see also id*. at 13-14.

---

[3]    In support of that allegation, Petitioner attaches to his pleading a March 4, 2025 letter from the Deputy Chief Administrative Judge for New York City Courts, who is employed by the New York State Unified Court System, denying Petitioner's request for permission "to file a sixth motion pursuant to [New York Criminal Procedure Law, or CPL] § 440."  ECF No. 1, at 36.  It reads:

> On December 3, 2019, this court enjoined you from filing additional motions pursuant to CPL § 440 given the volume and frequency of previous challenges to your conviction, none of which were found to be meritorious. Following a review of your letter and related case file, this court declines to lift the 2019 injunction to give you permission to make an additional motion pursuant to CPL § 440.

*Id*.

[4]    Petitioner does not directly challenge the validity of his judgment of conviction or seek to have it vacated, which is relief that would potentially be available in a *habeas corpus* action under 28 U.S.C. § 2254.  He previously sought such relief from this court, which denied it on the merits.  *See Henriquez v. McGinnis*, No. 05-CV-10893 (DLC), 2007 WL 844672, at *1 (S.D.N.Y. Mar. 19, 2007).

3

**DISCUSSION**

**A.  The All Writs Act, 28 U.S.C. § 1651**

Petitioner seeks an order compelling the Bronx County District Attorney's Office, a state entity, to comply with its duty to produce exculpatory material to him under *Brady* and its progeny.  The relief that Petitioner seeks is in the nature of mandamus, which is not governed by 28 U.S.C. § 1651, the procedural vehicle that Petitioner invokes in this action.  Instead, mandamus relief is governed by a different statutory provision, 28 U.S.C. § 1361.  That statute provides that federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff."  28 U.S.C. § 1361 (emphasis added).  "It is well-settled that 'federal courts have no general power to compel action by state officials.'"  *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, No. 05-CV-7314 (LBS), 2008 WL 4387808, at *8 (S.D.N.Y. Sept. 24, 2008) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (rejecting application for writ of mandamus compelling state court judge to permit defense counsel's use of race-based peremptory challenges)); *see Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty.").

Because Petitioner seeks mandamus relief, his claim arises under 28 U.S.C. §1361, not 28 U.S.C. § 1651, and because this Court does not have jurisdiction to compel state actors such as the District Attorney to perform its duties, the Court dismisses Petitioner's claim for relief in the nature of mandamus for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.  42 U.S.C. § 1983**

Because Petitioner alleges that the District Attorney violated his rights under the Fourteenth Amendment and seeks prospective injunctive relief in the form of an order directing

4

the District Attorney to produce exculpatory evidence to him, the Court liberally construes the pleading as raising a claim under 42 U.S.C. § 1983 against the District Attorney in her official capacity, seeking prospective relief only.

The Court must nevertheless dismiss Petitioner's Section 1983 claim under the *Heck* doctrine.  Under *Heck v. Humphrey*, if the success of a Section 1983 claim "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. 477, 487 (1994); *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Courts have held that a *Brady* claim, if successful, impugns the validity of the underlying conviction.  *See Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) (en banc) ("This Court has emphatically and properly confirmed that *Brady*-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the *Brady* violation occurred." (footnote omitted) (emphasis omitted)); *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (affirming dismissal, under *Heck*, of a plaintiff's claim that was premised on the defendants' withholding of exculpatory evidence); *see also Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction.").

In this case, Petitioner's conviction has not been reversed, vacated, or otherwise set aside. Moreover, success on his *Brady* claim would "necessarily yield[ ] evidence undermining [his]

conviction" and would therefore impugn his conviction. *Skinner*, 562 U.S. at 536 (2011); *see Poventud*, 750 F.3d at 132; *Amaker*, 179 F.3d at 51. Petitioner's claims are therefore barred by *Heck* and DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Petitioner may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## D. Leave to Amend

District courts generally grant a *pro se* pleader an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the pleading cannot be cured with an amendment, the Court declines to grant Petitoner leave to amend it.

## CONCLUSION

The petition, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, enter judgment for Respondent consistent with this Order, and close the case.

SO ORDERED.

Dated: March 5, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

7